UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>  vs.<br><br>FOOT LOCKER, INC., RICHARD A. JOHNSON and LAUREN B. PETERS,<br><br>                         Defendants. | Civil Action No. 1:18-cv-01492-AMD-SJB<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF THE NEW ENGLAND CARPENTERS FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

## I.  INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which governs this action, provides that "[n]ot later than 90 days after the date on which a notice is published" the "court shall consider any motion made by a purported class member in response to the notice" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). New England Carpenters Guaranteed Annuity and Pension Funds (the "New England Carpenters Funds") respectfully submit that they are presumptively the most adequate plaintiff in this case because they have filed a timely "motion in response to a notice," believe they have the "largest financial interest in the relief sought by the class," and "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the New England Carpenters Funds' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the putative Class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

Because the New England Carpenters Funds satisfy the statutory criteria for appointment as Lead Plaintiff, the Court should grant their motion.

## II.  FACTUAL BACKGROUND

Foot Locker, Inc. ("Foot Locker" or the "Company") is an athletic footwear and apparel retail company serving customers worldwide. Foot Locker common stock traded in an efficient market on the New York Stock Exchange throughout the Class Period under the ticker symbol "FL."

The complaint alleges that during the Class Period, defendants made materially false and misleading statements and/or failed to disclose material adverse information regarding Foot Locker's business and prospects, including that Foot Locker's vendors were transitioning to selling through various online retailers, diminishing the utility of Foot Locker's large number of brick and mortar stores and the once-high value of its exclusivity relationships with those vendors, and that

competition with online retailers had increased the pricing competition Foot Locker faced while also materially lowering the demand at Foot Locker stores.

On May 19, 2017, Foot Locker surprised investors by announcing disappointing first quarter 2017 financial results, including that the Company's revenue growth had plummeted and that its profits failed to meet what the Company had led investors to expect. Defendants further disclosed that this trend was not restricted to the second half of 2016 and first quarter of 2017. In response, the price of Foot Locker common stock declined 17% on unusually high trading volume. Then, on August 18, 2017, Foot Locker announced disappointing second quarter 2017 financial results, including a 6% decline in quarterly same-store sales year-over-year, which resulted in a substantial revenue miss. The Company also stated that it would close approximately 130 stores, more than the 100 stores it had previously announced it would close. During a conference call held with investors and analysts that morning, the Company said it expected weaker sales for the remainder of fiscal 2017. As a result of this news, the price of Foot Locker common stock declined nearly 28% to close at $34.38 per share on August 18, 2017, on unusually high trading volume.

As a result of defendants' failure to disclose this adverse information, the price of Foot Locker stock was artificially inflated to as high as $79.20 per share during the Class Period and Foot Locker senior executives, including the individual defendants, were able to sell over 192,000 shares of their personally-held Foot Locker stock at artificially inflated prices for gross proceeds of $13.3 million. When the adverse information regarding Foot Locker's business and prospects was revealed to the market, the artificial inflation began to be removed from the Company's stock price, causing a decline in the market value of Foot Locker's stock which inflicted significant losses and damages upon the New England Carpenters Funds and the putative class.

### III.  ARGUMENT

#### A.  The New England Carpenters Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the first complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported plaintiff class may move the court to serve as lead plaintiff . . . ." 15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa)   has either filed the complaint or made a motion in response to a notice . . .;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The New England Carpenters Funds meet these requirements and should therefore be appointed as Lead Plaintiff.

##### 1.  The New England Carpenters Funds' Motion Is Timely

On March 9, 2018, statutory notice was published on *Business Wire*. *See* Declaration of David A. Rosenfeld in Support of the New England Carpenters Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. The notice

- 3 -

advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as Lead Plaintiff by May 8, 2018. *See id*. Because the New England Carpenters Funds' Motion has been filed by the statutory deadline, the New England Carpenters Funds are eligible for appointment as Lead Plaintiff.

### 2. The New England Carpenters Funds Possess the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certification, the New England Carpenters Funds expended more than $5,768,000 on Foot Locker common stock during the class period, and suffered over $2 million in losses as a result of defendants' alleged misconduct. *See id.*, Exs. B and C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the New England Carpenters Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The New England Carpenters Funds Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While Rule 23 has four requirements for class certification, "[a]t this early stage of litigation" "only the last two factors – typicality and adequacy – are pertinent." *Lopez v. CTPartners Exec. Search, Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015). "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.*

As their Certification evidences, the New England Carpenters Funds purchased Foot Locker common stock and suffered harm when defendants' alleged misconduct was revealed. *See* Rosenfeld Decl., Exs. B and C. In addition, the New England Carpenters Funds' substantial stake in the outcome of the case indicates they have the requisite incentive to vigorously represent the Class's claims. The New England Carpenters Funds are not aware of any conflicts between their claims and those asserted on behalf of the putative Class and are not subject to any unique defenses.

Finally, as discussed below, the New England Carpenters Funds have selected and proposed qualified counsel experienced in securities litigation as Lead Counsel. The New England Carpenters Funds' common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm their satisfaction of the Rule 23 requirements.

### B. The Court Should Approve the New England Carpenters Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Lopez*, 2015 WL 2431484, at *3. The New England Carpenters Funds have selected Robbins Geller to serve as Lead Counsel in this case.

Robbins Geller, a nationwide firm with offices in New York, has successfully served as lead counsel in numerous securities class actions nationwide and in this Court. *See* Rosenfeld Decl., Ex. D; *see, e.g.*, *Lopez*, 2015 WL 2431484, at *3 (finding that Robbins Geller is "well qualified to serve as lead counsel"); *see also In re DHB Indus., Inc. Class Action Litig.*, No. 2:05-CV-04296-JS-ETB (E.D.N.Y.) ($34.9 million recovery); *Mass. Bricklayers and Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, No. 2:08-cv-03178-LDW-ARL (E.D.N.Y.) ($32.5 million recovery); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust, Inc.*, No. 08-CV-01418 (E.D.N.Y.) ($24.9 million

- 5 -

recovery); *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002) (largest securities class action settlement in history). In approving the lead plaintiff's choice of counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." 206 F.R.D. at 458.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the New England Carpenters Funds' selection of Lead Counsel is reasonable and should be approved.

**IV. CONCLUSION**

The New England Carpenters Funds have satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. Accordingly, the New England Carpenters Funds respectfully request that the Court grant their Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.

DATED: May 8, 2018

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

*[Proposed] Lead Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such public filing to all counsel registered to receive such notice.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 8, 2018.

                                                                 */s/ David A. Rosenfeld*
                                                                 DAVID A. ROSENFELD

# Mailing Information for a Case 1:18-cv-01492-AMD-SJB City of Warren Police and Fire Retirement System v. Foot Locker, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Stephen D. Bunch**
  dbunch@cohenmilstein.com,efilings@cohenmilstein.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Susan Leslie Saltzstein**
  ssaltzst@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`